IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**
**Inmate # 63566,**

**Plaintiff,**

vs.

**EARLY LASTER,** *et al.,*

**Defendants.**                                                     No. 02-CV-001059-DRH

## ORDER

**HERNDON, District Judge:**

On October 20, 2004, the Court appointed attorney Jason R. Hall to represent Plaintiff in this lawsuit (Doc. 33). Now before the Court is Plaintiff's *pro se* Motion for Reappointment of Counsel (Doc. 47).

In the motion, Plaintiff asks the Court to appoint a new attorney to represent him because his current appointed attorney is "grossly ineffective." Plaintiff complains that Mr. Hall has been "unprofessional, deceptive, misleading and detached," telling the Court Mr. Hall knows he is a minister but "swears displaying unprofessional communicating [sic] skills." Plaintiff also complains that Mr. Hall refuses to compel discovery, file motions, send him an original copy of the complaint, and has only visited him once in prison. In addition, Plaintiff blames Mr. Hall for allowing him to be violently assaulted three times. Plaintiff advises the Court that he has filed disciplinary complaints against Mr. Hall in both Illinois and Missouri.

Based on Plaintiff's allegations, the Court finds Mr. Hall cannot

effectively represent Plaintiff because there is sufficient conflict to indicate that the two cannot communicate sufficiently to allow a meaningful attorney-client relationship to exist.[1]

Accordingly, the Court **GRANTS** Plaintiff's Motion for Reappointment of Counsel (Doc. 47) and **APPOINTS** Roland R. Cross, Brown, Hay, & Stephens, LLP, 205 South Fifth Street, Suite 700, P.O. Box 2459, Springfield, Illinois 62705, to represent Plaintiff in this matter.  Attorney Jason R. Hall is relieved from further representation of Plaintiff.  The Court suggests that going forward Plaintiff make every effort to work with his appointed attorney so as not to prejudice his case or his privilege for continued appointment of counsel.

**IT IS SO ORDERED.**

Signed this 12th day of May, 2005.

/s/   David RHerndon
**United States District Judge**

---

[1] In ruling on Plaintiff's motion, the Court is **not** making any determination regarding the validity of Plaintiff's allegations, the Court's ruling relates solely to the issue of whether Mr. Hall should continue to represent Plaintiff in this matter.