IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**

**Plaintiff,**

**vs.**

**EARLY LASTER,** *et al.*,

**Defendants.**                                                                           **No. 02-CV-001059-DRH**

### ORDER

**HERNDON, District Judge:**

Now before the Court is attorney Roland R. Cross' Motion to Withdraw as appointed counsel for Plaintiff.  **(Doc. 50)**.

In support of his motion, Mr. Cross tells the Court that he has no experience representing plaintiffs in civil rights related actions.  He also asserts that the locations of the Court and Plaintiff place him at a geographic disadvantage to effectively represent Plaintiff.  Finally, Mr. Cross states that he accepts the responsibility of his chosen profession and actively participates as a *pro bono* attorney for the indigent in Sangamon County, Illinois.  In support of his motion, Mr. Cross directs the Court's attention to ***Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 310 (1989)**, where the Supreme Court held that **§ 1915(d)** does not authorize the federal courts to make coercive appointments of counsel.  The ***Mallard*** Court, however, left open the question whether the federal courts possess inherent authority to require lawyers to serve. ***Id.***

This District's Local Rules specifically require admitted attorneys to accept *pro bono* appointments.  **LOCAL RULE 83.1(i)** provides:

> **(i) Duty of Attorneys to Accept Appointments**
>
> In testimonial proceedings arising out of matters pending before this court, every member of the bar of this court, as defined in subparagraph (a) of this rule, shall be available for appointment by the court to represent or assist in the representation of those who cannot afford to hire an attorney.  Appointments under this rule shall be made in such a manner that no member of the bar of this court shall be required to accept more than one appointment during any twelve-month period.

**S.D. ILL. LOCAL RULE 83.1(i)**.  Here, Mr. Cross is a member of the bar of this Court and therefore is required by Local Rule to accept this *pro bono* appointment. Accordingly, the Court **DENIES** Mr. Cross' Motion to Withdraw.  **(Doc. 50)**.

**IT IS SO ORDERED.**

Signed this 10th day of June, 2005.

/s/   David RHerndon
**United States District Judge**