IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**

    **Plaintiff,**

v.

**EARLY LASTER, et al.,**

    **Defendants.**           Case No. 02-CV-001059-DRH

**ORDER**

**HERNDON, District Judge:**

    Presently before the Court are two motions: (1) Plaintiff's Motion for Reappointment of Counsel and to Vacate Counsel's Representation (Doc. 110), and (2) Amended Motion to Withdraw as Attorney for Plaintiff (Doc. 111). The Motion for Reappointment of Counsel was filed by Plaintiff himself, for reasons that said counsel has been "ineffective and negligent and derelict in his duties." (*See* Doc. 110, p. 1.) As such, Plaintiff requests this Court to vacate the appointment of his court-appointed attorney, Roland Cross, and to reappoint counsel. (*Id.*) Similarly, Roland Cross has filed an Amended Motion to Withdraw as counsel for Plaintiff, for reasons that the "attorney-client 'relationship' has broken down to a point where it is no longer possible for [Cross] to act as counsel for Plaintiff." (Doc. 111.)

    Unfortunately, circumstance dictates that the Court cannot merely allow Mr. Cross to withdraw as counsel for Plaintiff and thereby reappoint another attorney to take his place. The Court initially determined that the complexities of Plaintiff's

claims and also his alleged diminished mental capacities made it appropriate to appoint counsel to represent Plaintiff in this matter. (Doc. 31.) Following this determination, the Court initially appointed Mr. Fairfax Jones as counsel for Plaintiff on October 18, 2004. (*Id.* at p. 3.)

Unfortunately, Mr. Jones was ineligible for appointment pursuant to Local Rule 83.1, but the Court was not aware of this fact at the time of his appointment, due to a technical problem with the Court's electronic filing system. (Doc. 33.) Therefore, on October 20, 2004, the Court terminated Mr. Fairfax Jones' appointment and reappointed attorney Jason Hall as counsel for Plaintiff. (*Id.*)

On May 6, 2005, Plaintiff filed, *pro se*, a Motion for Reappointment of Counsel, stating Mr. Hall was "grossly ineffective," as Plaintiff felt he had been "unprofessional, deceptive, misleading and detached . . . ." (Doc. 47.) The Court, finding that "Mr. Hall [could no longer] effectively represent Plaintiff because there [was] sufficient conflict to indicate that the two [could not] communicate sufficiently to allow a meaningful attorney-client relationship to exist,"[1] granted Plaintiff's Motion to Reappoint. (Doc. 48.) Accordingly, on May 12, 2005, it appointed attorney Roland Cross, who continues to serve as representative counsel for Plaintiff. (*Id.*)

Shortly after this appointment, Mr. Cross attempted to withdraw as Plaintiff's attorney, explaining he has no experience in representing plaintiffs in civil rights-related actions, he was at a geographic disadvantage, and already participates

---

[1] The Court noted that it was not making any determination as to the validity of Plaintiff's allegations of Mr. Hall's representation, but rather, the Court's ruling went "solely to the issue of whether Mr. Hall should continue to represent Plaintiff in this matter." (Doc. 48, p. 2, n.1.)

in a *pro bono* program for the indigent in Sangamon County, Illinois. (Doc. 50.) However, because Mr. Cross was a member of the bar of this Court, he was required by Local Rule 83.1 to accept this *pro bono* appointment. (Doc. 51.) The Court therefore, denied Mr. Cross' initial Motion to Withdraw. (*Id*.)

Now, it seems as though Plaintiff has yet again found his court-appointed counsel to not meet his expectations, and Mr. Cross is also more than willing to bow out at this point. Yet, although the Court may have determined Plaintiff should be allowed court-appointed counsel, it cannot allow Plaintiff to play the legal version of Goldilocks, sampling attorneys until he finds the one who seems "just right." At most, Plaintiff is entitled to "reasonably effective assistance," from counsel. **See Strickland v. Washington, 466 U.S. 668, 687 (1984)(citation omitted)**. Because the Court questions the veracity of Plaintiff's allegations regarding Mr. Cross, given the near identical allegations previously made concerning Mr. Hall, a hearing is necessary.

Therefore, the Court **DEFERS RULING** on both Plaintiff's *pro se* Motion for Reappointment (Doc. 110) and the Motion to Withdraw as Counsel for Plaintiff (Doc. 111), pending a hearing on the issues raised in these motions - the date and time of which remains to be determined. The Court anticipates that it will coordinate with the proper authorities to allow Plaintiff to appear at this hearing via telephone. Plaintiff's attorney, Mr. Cross, should expect to personally attend this hearing, but the attorneys for the defendants in this case need not attend. Once a

date and time has been determined, the Court will enter an order scheduling the hearing in order to give the parties proper notice.

**IT IS SO ORDERED.**

Signed this 9th day of March, 2006.

/s/         David   RHerndon
**United States District Judge**