IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC DUPREE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **EARLY LASTER, DAVID KAPPLER,** | ) Civil No. **02-1059 - DRH** |
| **KAREN BARBER,** | ) |
| **PHILLIP BIGGERSTAFF,** | ) |
| **DONALD SNYDER, JR.,** | ) |
| **RICHARD HAMMONDS,** | ) |
| **HEATHER GROTE, RICK SUTTON,** | ) |
| **DON SANFORD, KAREN JETHROE,** | ) |
| **CHRISTOPHER WALTZ,** | ) |
| **ELDON KENNEL, STEPHEN D.MOTE,** | ) |
| **GUY PIERCE,** | ) |
| **and ROGER E. WALKER, JR.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the Motion to Quash Plaintiff's Subpoenas in Part, filed by Respondent, Randall Stauffer, Legal Counsel for the Illinois Department of Corrections. **(Doc. 77)**. Plaintiff has filed a response. **(Doc. 79)**.

Plaintiff, an inmate in the custody of IDOC, has filed suit alleging violation of his First Amendment right to free exercise of his religion and of the Religious Land Use and Institutionalized Persons Act (RLUIPA). In his Amended Complaint (Doc. 85), he alleges that during his incarceration at various IDOC facilities, certain defendants issued disciplinary reports regarding Plaintiff having a bible on his person in the dietary unit; certain defendants directed him not to use the words "God" or "Jesus" during substance abuse counseling sessions; certain defendants told him he could not sing, preach or speak to other inmates about his religious beliefs; and, lastly, plaintiff alleges that certain defendants banned him from religious services

1

and denied him access to prison chaplains.

Plaintiff has served subpoenas on the IDOC and on Illinois River Correctional Center, Robinson Correctional Center, Southwestern Correctional Center, Big Muddy Correctional Center, Menard Correctional Center, Pinckneyville Correctional Center, Pontiac Correctional Center and Lawrence Correctional Center, seeking production of various documents. Among other items, plaintiff seeks the following:

a) Any and all documents, polices, rules or regulations issued or used from 1990 until the present regarding chapel and religious activities or related functions or the conduct of inmates who attend these functions,

b) Any and all documents, polices, rules or regulations issued or used from 1990 until the present regarding drug and alcohol counseling and the conduct of inmates who attend these functions.

c) Any and all policies, rules or regulations that address religious speech in said facilities from 1990 until present, and

d) Any and all documents in the facilities' possession related to inmate Cedric Dupree (#N63566).

In addition, plaintiff served a subpoena on the IDOC to produce all records regarding Dupree, including the following:

a) Master file,
b) Medical records,
c) Grievances and complaints,
d) Disciplinary records,
e) Investigations,
f) Inter or intra prison transfers, and
g) Pontiac Correctional Center's rules, regulations, and guidelines respecting religious practices of inmates.

Respondent objects to producing the above documents because the subpoenas are overbroad, not reasonably limited in terms of time, and seek documents which are not relevant.

Plaintiff responds that pursuant to Federal Rule of Civil Procedure 26(b)(1), a matter is discoverable if it is relevant to the subject matter of the cause of action, and the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." **Fed.R.Civ.P.**

**26(b)(1)**.  He claims that relevancy is broadly defined under Rule 26.

While relevancy may be broadly defined, there are limits.  The Advisory Committee Notes to the 1983, 1993 and 2000 Amendments to Rule 26 indicate that the changes made to subdivision (b) are meant to encourage courts to identify and reduce excessive discovery.  "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." **Advisory Committee Notes, 1983 Amendments to Rule 26**.

It is obvious that plaintiff's subpoenas are overbroad both in terms of time and in the scope of the records sought.  Plaintiff alleges that certain specific actions on specific dates have violated his rights.  His discovery requests must be tailored to those actions on those dates.  Some latitude will be allowed, but requesting "any and all" rules and policies on these subjects from the last 16 years is asking for too much.

Likewise, the request to the IDOC for all of its records regarding Dupree is overly broad.  The Court cannot conceive of any rational argument for why the IDOC should have to produce every piece of paper it has amassed regarding Dupree during his lengthy incarceration.

Upon consideration and for good cause shown, Respondent's Motion to Quash Plaintiff's Subpoena in Part **(Doc. 77)** is **GRANTED.**

**IT IS SO ORDERED.**

DATE:  May 11, 2006.

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**