IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**

    **Plaintiff,**

v.

**EARLY LASTER, et al.,**

    **Defendants.**                                         Case No. 02-CV-001059-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

On October 17, 2005, the Magistrate Judge issued an Order (Doc. 73), denying Plaintiff's Motion to Appoint a Guardian Ad Litem (Doc. 65). Plaintiff thereafter filed an objection to this order (Doc. 75), to which defendants oppose (Doc. 78). Plaintiff's contending issue is that the affidavit submitted by defendant (Doc. 68, Ex. A) from a psychiatrist for Plaintiff at prison stated his mental conditions would not diminish his capacity to communicate with his attorney regarding his legal issues – Plaintiff challenges this affidavit as the psychiatrist is a defendant in another suit Plaintiff has filed in the United States District Court for the Central District of Illinois, ***Dupree v. Pierce*, 05-cv-1028-HAB-JAG (Baker, J.)**. In the alternative, Plaintiff asks for a mental exam to determine if he needs guardian.

Defendants contend this should not matter, and moreover, the

psychiatrist had not been served (and may not even be aware of the lawsuit) at the time he gave affidavit (Doc. 78). Further, Defendants argue that Plaintiff's claims cannot properly be represented/addressed by a guardian ad litem any better than by Plaintiff himself, as they revolve around Plaintiff's own religious beliefs.

Plaintiff had made his request for the appointment of a guardian ad litem pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 17(c)**. The rule provides that the Court "shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deem proper for the protection of the infant or incompetent person." **Fed. R. Civ. P. 17(c)**. **Local Rule 73.1(a)** involves appeals (or objections) of non-dispositive matters. It provides for a party to appeal a Magistrate Judge's order generally within ten (10) days after issuance. A District Judge may then reconsider the matter and set aside the Order or portion of the order "found to be clearly erroneous or contrary to law."

In the Order denying Plaintiff's Motion, the Magistrate Judge found that "[a]lthough the language of Rule 17(c) includes the mandatory "shall," the Seventh Circuit has explained 'the mandate is limited to cases where a minor (or incompetent) is a party to a suit and is not represented'" (Doc. 73, p. 1, citing ***Matter of Chicago, Rock Island and Pacific R.R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986)**). Based upon both the affidavit of Dr. Alton, a licensed psychologist and licensed clinical professional counselor who has treated Plaintiff, the Magistrate Judge determined there is "no indication that [P]laintiff is incompetent" and

therefore "a guardian ad litem is not warranted" (Doc. 73, p. 2).  Further, the Magistrate Judge noted that Plaintiff already had a court-appointed counsel in this case, and while he may experience difficulty in communicating with Plaintiff, this was not adequate reason to require the appointment of a guardian ad litem.

The Court acknowledges Plaintiff's objection that the Magistrate Judge should not have based his denial of Plaintiff's Motion on Dr. Alton's affidavit, as it is unreliable because Dr. Alton is a party defendant in another suit filed by Plaintiff (Doc. 75).  Therefore, Plaintiff asserts that Dr. Alton's affidavit regarding Plaintiff's mental capacities should be disregarded in considering whether to appoint a guardian ad litem on his behalf (*Id.*).  However, simply because Dr. Alton is a defendant party in a separate suit filed by Plaintiff (one in which, Defendant points out, he had *not yet* been served when he signed the affidavit) does not automatically create a presumption of bias against Plaintiff.  Dr. Alton is under a professional and ethical duty to honestly and accurately report his observations and conclusions regarding Plaintiff's mental abilities.  In the prison setting where multiple physicians are not available the issue becomes a matter of weight and credibility.  Moreover, during a teleconference with Plaintiff, the Court has also observed that Plaintiff seems to of sufficient mental competence to act without a guardian ad litem.

Therefore, the Court does not find the Magistrate Judge's decision to be clearly erroneous or contrary to law. Accordingly, the Court **AFFIRMS** the Order (Doc. 73) of the Magistrate Judge, denying Plaintiff's Motion to Appoint Guardian Ad Litem (Doc. 65).

**IT IS SO ORDERED.**

Signed this 21st day of June, 2006.

<u>/s/         David   RHerndon</u>
**United States District Judge**