IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**

    **Plaintiff,**

**v.**

**EARLY LASTER, et al.,**

    **Defendants.**          Case No. 02-CV-001059-DRH

## ORDER

**HERNDON, District Judge:**

In an Order dated June 20, 2006 (Doc. 131), the Court granted Plaintiff's Motion for Reappointment of Counsel (Doc. 110) and appointed attorney Robert M. Susman to represent Plaintiff *pro bono* in this matter. Since this recent appointment, Mr. Susman has filed a Motion to Withdraw (Doc. 133) as representative counsel for Plaintiff.

In the instant Motion, Mr. Susman states that he believes serving as counsel on this matter would "create an extreme hardship . . . in that [he] presently ha[s] an extremely active practice of law with innumerable responsibilities to clients, courts, other counsel, and [his] partners" (Doc. 133, ¶ 9). Among other reasons, Mr. Susman provides a list summarizing his "substantial lawsuits," generally refers to his "myriad of other clients and professional responsibilities," his lack of experience with the issues involved in the instant case (First Amendment and RLUIPA), as well

as the fact that he previously received six different appointments from the Criminal Division of the Circuit Court of the City of St. Louis, Missouri, to represent indigent defendants from years 1976 through 1979 (*see id.* at ¶¶ 5-8). In sum, Mr. Susman requests the Court vacate his appointment as representative counsel for Plaintiff. In the alternative, he requests the Court permit him to withdraw his registration as an attorney admitted to practice law in the Southern District of Illinois.

Notwithstanding Mr. Susman's reasons, the Court directs him to the Court's **Local Civil Rule 83.1(i)**, which states (emphasis added):

> **(i) Duty of Attorney to Accept Appointments**
>
> In testimonial proceedings arising out of matters pending before this court, ***every member*** of the bar of this court, as defined in subparagraph (a) of this rule, shall be available for appointment by the court to represent or assist in the representation of those who cannot afford to hire an attorney. Appointments under this rule shall be made in such a manner that no member of the bar of this court shall be required to accept more than one appointment during any twelve-month period.

Nowhere in the local rule is there mention that an attorney's schedule, client list or lack of experience with the issues of the appointed case dictate whether an appointment shall be given.[1] Further, previous court appointments do not shield an

---

[1] The Court also finds **Lewis v. Lane, 816 F.2d 1165, 1168-69, n.5 (7th Cir. 1987)**, particularly illustrating. In **Lewis**, the Seventh Circuit discusses the requirement for members of the bar of the United States District Court for the Southern District of Illinois to accept court-appointed assignments (albeit the requirement fell under a different local rule at the time). The opinion also refers to the ABA's long-recognized professional duty to provide *pro bono* representation. Coincidentally, in **Lewis**, the court-appointed attorney attempted to withdraw and his motion was denied, with the Court warning the attorney could face termination of his bar membership with the Southern District of Illinois if he declined to accept the case.

attorney from further court appointments, *unless* that attorney is appointed more than once during any twelve-month period.

Mr. Susman has not stated that he has received more than one appointment from this court – or any *other* court – within the same twelve-month period. He also has failed to show he is currently engaged in other *pro bono* work. He is also not a solo practitioner, but has the aid and assistance of the other members and associates of his firm. In appointing attorneys, the Court uses a random, computer-generated selection process. All members enrolled in the bar for the Southern District of Illinois make up the attorney pool – there is no exception for attorneys who have been practicing a certain number of years. Bottom line – if you are a practicing attorney enrolled with this Court, you are eligible for selection to provide *pro bono* representation.

For the reasons as stated herein, Mr. Susman's Motion to Withdraw is **DENIED** on its merits. However, Mr. Susman has requested in the alternative that the Court permit him to withdraw as a member of the bar of the United States District Court for the Southern District of Illinois. The Court **GRANTS** Mr. Susman's alternative request for relief as stated in his Motion.

Consequently, the Clerk is directed to remove Mr. Susman's name from the roll of attorneys authorized to practice in this District. The Court reminds Mr. Susman that any future attempts to apply for re-enrollment will be hindered by his refusal to accept this court-appointment. Counsel will not be allowed to temporarily withdraw just to avoid the obligation of the Local Rules to accept appointments of the

Court as heretofore discussed.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2006.

/s/         David    RHerndon
**United States District Judge**
