IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC DUPREE,** ) | |
| ) | |
| Plaintiff, ) | Civil No. **02-1059 - DRH** |
| ) | |
| v. ) | |
| ) | |
| **EARLY LASTER, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Biggerstaff's Motion to Set Aside Default.  **(Doc. 198)**. Plaintiff filed a memorandum in opposition at **Doc. 199.**

On July 18, 2006, the U.S. Marshals Service filed a return of service which stated that Phillip Biggerstaff had been personally served on April 15, 2006, at 950 Kingshighway, East St. Louis, Illinois, which is the location of Southwestern Illinois Correctional Center.  **See, Doc. 151**

Plaintiff moved for entry of default as to Biggerstaff, which was granted on May 1, 2007. **See, Doc. 194.**  Biggerstaff promptly filed the instant motion to set aside the default on May 14, 2007.

The basis of the motion to set aside is that, according to Biggerstaff, he was not personally served on April 15, 2006, or at any other time.  He has filed an affidavit, **Doc. 182**, in which he states the following facts:

1. He worked at Southwestern Illinois Correctional Center from 1995 to September, 1999.

2. He moved from Illinois to Florida in September, 1999.

1

3. He has not been on the grounds of Southwestern Illinois Correctional Center since September, 1999.

4. He has not authorized anyone at Southwestern Illinois Correctional Center to accept service on his behalf.

5. He has not been personally served.

In opposition to the motion, plaintiff simply argues that the return of service states that Biggerstaff was served. However, that is not conclusive.

A signed return of service is prima facie evidence of service. Once the prima facie showing is made, the burden shifts to the defendant to demonstrate by clear and convincing evidence that service was not made. ***Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005), citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993)**.

The court finds that Biggerstaff's affidavit constitutes clear and convincing evidence that he was not personally served. The only address referenced on the return is that of Southwestern Correctional Center. The affidavit establishes that Biggerstaff has not been there since September, 1999, and was not there on the date that he was purportedly served in April, 2006.

Upon consideration and for good cause shown, defendant Biggerstaff's Motion to Set Aside Default **(Doc. 198)** is **GRANTED**.

The clerk's entry of default **(194)** is vacated as to Phillip Biggerstaff.

**IT IS SO ORDERED.**

**DATE:  August 16, 2007.**

                          **s/ Clifford J. Proud**
                          **CLIFFORD J. PROUD**
                          **UNITED STATES MAGISTRATE JUDGE**