**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**CEDRIC DUPREE,**

     **Plaintiff,**

**v.**

**EARLY LASTER, et al.,**

     **Defendants.**                      **Case No. 02-cv-1059-DRH**


**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I. INTRODUCTION

Presently before the Court is a Report & Recommendation ("R&R") (Doc. 200), issued by Magistrate Judge Proud, recommending that Defendants' Motion for Summary Judgment (Doc. 188) be granted in part and denied in part.  The Motion was filed on behalf of defendants Laster, Kappler, Snyder, Sutton, Sanford, Waltz, Mote, Hammonds, Walker, Jr., Pierce and Kennell (hereinafter "Defendants"). Plaintiff's Amended Complaint (Doc. 85) alleges claims pursuant to either **42 U.S.C. § 1983** for violations of his First Amendment rights or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as set forth in **42 U.S.C. §§ 2000cc – 2000cc-5**.  Defendants have filed timely objections (Doc. 201) regarding various

aspects of the R&R and Plaintiff has filed an opposing Response to Defendants'
objections (Doc. 202).  In considering the objected-to portions of the R&R, the Court
finds for the following reasons that its rationale and findings are correct and thus,
adopts it in its entirety.  The Court, in this Order, also addresses Plaintiff's Motion
for Trial Setting (Doc. 203).

## II.  <u>PROCEDURAL HISTORY</u>

Defendants' Motion for Summary Judgment was based on the following
grounds: (1) Defendants' complained-of actions were based on legitimate penological
interests; (2) RLUIPA does not authorize monetary damages against state officials in
their individual capacities; (3) defendants Walker and Snyder were not personally
involved in the alleged violations; and (4) Plaintiff's claims should be barred as to all
Defendants under the doctrine of qualified immunity (Docs. 188 & 189).  The R&R
addressed each of these grounds.

Regarding the defense that Defendants' actions were based on legitimate
penological interests, the R&R found RLUIPA requires that actions taken not only be
in furtherance of a compelling government interest, but that they also be the *least*
restrictive means of furthering such interest (Doc. 200, p. 7).  Because Defendants
failed to show that their actions constituted the least restrictive means of dealing with
Plaintiff, summary judgment was not warranted.   Next, the R&R agreed with
Defendants, finding that RLUIPA did not provide a method for Plaintiff to recover
compensatory damages without a prior showing of physical injury and thus,
summary judgment in this regard was proper.  As to the argument that defendants

Snyder and Walker were not personally involved in any of the alleged events, the R&R first noted defendant Snyder was no longer a party to the suit, by way of the Court's September 27, 2006 Order (Doc. 165), which adopted in part and vacated in part the R&R regarding Defendants' various Motions to Dismiss.  Further, because the R&R found there is no respondeat superior liability under Section 1983, Plaintiff's Sections 1983 claims against defendant Walker should not survive summary judgment, as he was alleged to have merely "endorsed administrative policies" of which Plaintiff complains (Doc. 200, p. 11).  However, the R&R found that under RLUIPA, respondeat superior liability is possible and as Defendants did not raise this argument, Plaintiff's remaining RLUIPA claims against defendant Walker should survive summary judgment.  Lastly, the R&R found Defendants' qualified immunity defense to be unavailing as their basic "ignorance of the law" argument typically never suffices (*Id*. at 12).

Defendants state two main objections (Doc. 201) to the overall findings and recommendation by Judge Proud, arguing their actions dealing with Plaintiff's behavior during religious services while incarcerated were legitimate and therefore warrant summary judgment, and that RLUIPA does not authorize individual capacity claims for monetary damages.  Although, as Plaintiff keenly observes, Defendants' objections to the R&R seem merely "cursory," they will still be addressed by the Court.

### III. <u>DISCUSSION</u>

**A.    Legal Standard**

     **1.    *De Novo* Review**

Because Plaintiff filed timely objections to the R&R, the Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection have been made. ***Id***. However, the portions of an R&R to which the parties have not objected can be adopted by the Court without a *de novo* review, pursuant to **28 U.S.C. § 636(b)**. ***See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

     **2.    Summary Judgment**

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)**. The movant bears the burden of establishing the absence of factual

issues and entitlement to judgment as a matter of law.  ***Wollin v. Gondert***, **192 F.3d 616, 621-22 (7th Cir. 1999)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant.  ***Schneiker v. Fortis Ins. Co.***, **200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999)**.  In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings.  Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial.  ***Walker v. Shansky***, **28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276** (citing ***Celotex***, **477 U.S. at 324**).

**B.    Analysis**

As previously explained in this Order, the portions of the R&R not objected to by any of the parties will not be reviewed *de novo*.  Defendants only object to the R&R's findings as to the first two grounds of their summary judgment motion, regarding whether Defendants' actions taken in furtherance of legitimate penological interests barred Plaintiff's RLUIPA claims and whether Plaintiff could state RLUIPA claims against Defendants in their individual capacities.  Thus, the R&R's findings regarding defendants Synder and Walker and the Defendants' qualified immunity defense will not be subject to a *de novo* review; the Court adopts that portion of the R&R as is.

**1.    Restricting Plaintiff's Exercise of Religion Under RLUIPA**

Under RLUIPA, the government may not substantially burden an inmate's exercise of religion unless the burden (1) furthers "a compelling governmental interest, and (2) is the least restrictive means of furthering that compelling governmental interest." **42 U.S.C. § 2000cc-1(a)**.  In their summary judgment motion, Defendants rebut Plaintiff's allegations of the "substantial burdens" placed upon his religious practices by demonstrating why each of their actions were necessary and based on legitimate penological interests.  Yet, as is shown from the statutory language of RLUIPA itself, this is not the correct legal standard.  While Defendants certainly have a right to prevent Plaintiff from exhibiting disruptive behavior, including limiting his religious practices, if necessary, there is no assertion that their actions were the *least restrictive* means of doing so.[1]  Emphasizing Defendants' lack of explanation, Plaintiff's Response presents several suggestions of alternative disciplinary actions which may be viewed as less restrictive than those taken.  Moreover, Defendants' objections to the R&R (Doc. 201, ¶¶ 3, 4 & 6) make no attempt to demonstrate their actions were the least restrictive, even though the R&R apprised Defendants of the correct legal standard.  Currently, there remains questions of material fact regarding whether Defendants' actions constituted the least restricted means, as required by RLUIPA.  The Court finds the R&R correct in denying summary judgment in favor of Defendants as to this issue and thus, adopts

---

[1] The Court notes that from the record, the parties do not seem to contest whether Defendants' actions constituted a "substantial burden" upon Plaintiff's exercise of religion.

the recommended holding.

**2.     RLUIPA Claims Against Government Employees in Their Individual Capacities**

The other objection (Doc. 201, ¶ 5) raised by Defendants was the R&R's finding that precedential law allows Plaintiff to state claims under RLUIPA for monetary damages against Defendants in their individual capacities (Doc. 200, pp. 9-10).  Defendants argue that the R&R's holding goes "against an emerging pattern amongst the District Courts across the Country which find the plain language of RLUIPA does not explicitly provide for damages against officials in their individual capacities" (Doc. 201, ¶ 5).  Although Defendants cite no case law to accompany this particular objection, in their memorandum in support of summary judgment, Defendants discuss several District Court cases (Doc. 189, pp. 5-8).  The R&R also found Plaintiff was not entitled to compensatory damages on his RLUIPA claims "without a prior showing of physical injury," pursuant to **42 U.S.C. § 1997e(e)** (Doc. 200, p. 10).  There are no objections to this finding and so the Court will adopt it.

RLUIPA allows a person to bring a claim "and obtain appropriate relief against a government."  **42 U.S.C. § 2000cc-2(a)**.  "Government" is defined in RLUIPA as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law."  **42 U.S.C. § 2000cc-5(4)(a)(iii)**.  Currently, there are no Circuit opinions regarding the issue of whether RLUIPA authorizes claims against

government employees in their individual capacities – only district courts have examined the issue.  Defendants correctly note that there is a split of authority among the various district court opinions.  Objecting to the R&R, Defendants fail to show why they believe its recommended holding to be an incorrect statutory interpretation, but instead merely urge the Court to adopt the line of reasoning as expressed by district courts holding to the contrary.  Until there is binding precedent, the Court is free to follow nonprecedential opinions it believes are insightful.  Because the Court finds that an opinion from a sister court out of the Northern District of Illinois applies thorough analysis and sound reasoning, its holding shall be mirrored here.  ***See Agrawal v. Briley*, No. 02-C-6807, 2006 WL 3523750 (N.D. Ill. Dec. 6, 2006)(Pallmeyer, J.)**.

*Agrawal* examined the rationale of the various district court opinions, detailed the chronology of RLUIPA's development, and analyzed its similarities to the Act's essential predecessor, the Religious Freedom Restoration Act of 1993 ("RFRA"), and section 1983 law, to reach the holding that RLUIPA allows claims against government employees in their individual capacities.  ***Id.* at \*13**.  RLUIPA was enacted by Congress "to provide greater protection for religoius freedom than was available under the First Amendment," due to the heightened level of scrutiny required in reviewing alleged "substantial burdens" placed upon a plaintiff's religious freedoms.  ***Id.* at 11 n.11**.  Therefore, it would be illogical for this Act not to permit a plaintiff to bring individual-capacity claims when such is permitted under section 1983 for First Amendment free-exercise violations.  ***Id.* (citations omitted)**.

Further, the third prong of the definition of "government" under RLUIPA, "(iii) any other person acting under color of State law," would be considered "mere surplusage" if the Act authorized only official-capacity claims, as this is already clearly stated in the second prong: "(ii) any branch, department, agency, instrumentality, or official of [any State, county, municipality, or other governmental entity]." ***Id.* (citing 42 U.S.C. § 2000cc-5(4)(a)(iii))**.  Lastly, RFRA contained a provision with substantially similar language[2] which the Seventh Circuit interpreted as allowing individual-capacity suits. ***Id.* (citing *Mack v. O'Leary*, 80 F.3d 1175, 1177 (7th Cir. 1996), *vacated on other grounds sub nom. O'Leary v. Mack*, 522 U.S. 801 (1997))**.  For these compelling reasons, the Court finds the recommendation of the R&R to be an accurate statutory interpretation and as such, adopts the holding that Plaintiff may bring individual-capacity claims under RLUIPA against Defendants; the motion for summary judgment in this regard is also denied.

## C.    Motion for Trial Setting

Plaintiff has moved for a trial setting (Doc. 203), stating that all attempts to reach a settlement with Defendants have been unsuccessful, the dispositive motions have been briefed and there remain viable claims awaiting dispensation.  In response to his Motion, the Court has set this matter for a Final Pretrial Conference ("FPTC") on November 15, 2007 at 2:30 p.m. (Doc. 205).  During the FPTC, the trial

---

[2] RFRA allowed a plaintiff to "assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."***Mack*, 80 F.3d at 1177 (citing 42 U.S.C. § 2000bb-1(c))**.  RFRA further defined government" to include "government employees acting under color of state law." ***Id.* (citing 42 U.S.C. § 2000bb-2(1))**.

date will be set.  Thus, the Court **FINDS AS MOOT** Plaintiff's Motion (Doc. 203).

## III.  CONCLUSION

After a *de novo* review of the objected-to portions of the R&R, the Court deems Defendants' arguments unavailing and thereby **ADOPTS** the R&R (Doc. 200) in its entirety.  Accordingly, Defendants' Motion for Summary Judgment (Doc. 188) is **GRANTED IN PART AND DENIED IN PART** as set forth in the R&R: (1) summary judgment is **granted** in favor of all Defendants regarding any and all of Plaintiff's claims for compensatory damages on all pending counts; (2) summary judgment should also be **granted** only in favor of defendant Roger E. Walker, Jr., as to Plaintiff's Section 1983 claims in Count 15.  All remaining grounds asserted in Defendants' Motion (Doc. 188) are **denied**.  Therefore, the surviving claims still pending in this action, which will be ***for nominal and punitive damages only***, are as follows:

> **Count 1** - Section 1983 claims against **Early Laster** for allegedly banishing Plaintiff from all prison church and religious services while at Danville Correctional Center in 1992.
>
> **Count 4** - Section 1983 and RLUIPA claims against **Phillip Biggerstaff** for allegedly issuing disciplinary report against Plaintiff for possessing a Bible while incarcerated at SWICC on May 17, 1999.  (*The Court notes that Biggerstaff has not moved to dismiss these claims in Count 4, nor did he move for summary judgment, therefore, the Court cannot decide whether such claims are time-barred at this stage. Accordingly, all claims against Biggerstaff in Count 4 remain pending. The Court notes that it appears Plaintiff's RLUIPA claim predates the effective date of the Act.  Further, unless there is applicable tollling period regarding Plaintiff's May 17, 1999 grievance, it may also be time-barred*.)

**Count 8** - Section 1983 claims, arising on or after October 7, 2000, and RLUIPA claims, arising on or after September 22, 2000, against **Rick Sutton** for allegedly denying Plaintiff access to church services while incarcerated at Pinckneyville Correctional Center.

**Count 10** - Section 1983 and RLUIPA claims against **Karen Jethroe** for allegedly filing a disciplinary report against Plaintiff on September 7, 1999.  (*The Court also notes that Jethroe has not moved to dismiss these claims in Count 10, nor did she move for summary judgment, therefore, the Court cannot decide whether such claims are time-barred at this stage.  Accordingly, all claims against Jethroe in Count 10 remain pending. The Court notes that it appears Plaintiff's RLUIPA claim predates the effective date of the Act.  Further, unless there is applicable tollling regarding the date giving rise to this Section 1983 claim, it may also be time-barred.  Plaintiff has also moved for a default judgment against Jethroe, which is pending.*)

**Count 11** - Section 1983 and RLUIPA claims against **Christopher Waltz** for allegedly issuing a disciplinary report on January 28, 2003, that charged Plaintiff with disobeying a direct order to refrain from praying, as well as assigning Plaintiff to "slave labor" in the dietary unit because of Plaintiff's religious practice, refusing to allow Plaintiff to leave work when he became ill and vomited and other "patterns of abuse" upon Plaintiff due to his faith, occurring while Plaintiff was incarcerated at Lawrenceville from October 22, 2002 through March 21, 2003.

**Count 12 (Pierce)** - Section 1983 claims, arising on or after December 6, 2003 and RLUIPA claims, arising on or after December 6, 2001, against **Guy Pierce**, for allegedly approving an order barring Plaintiff from chapel services at Pinckneyville Correctional Center and having "knowingly allowed" Plaintiff to go without access to a chaplain or to church services since August 2003, while incarcerated at Pontiac Correctional Center, as well as "knowingly allowed assaults" on Plaintiff "to go unaddressed" in October 2004.

**Count 13** - Section 1983 claims, arising on or after December 6, 2003, and all RLUIPA claims against **Stephen Mote** for allegedly approving rules and regulations prohibiting Plaintiff from meeting with chaplains or attending chapel services while incarcerated at Pontiac Correctional Center.

**Count 14 -** all Section 1983 and RLUIPA claims against **Eldon Kennell**

for allegedly refusing to provide "religious services" at Pontiac Correctional Center after Plaintiff filed a grievance complaining that he was not getting access to the chaplain.

**Count 15** - RLUIPA claims against **Roger E. Walker, Jr.** for allegedly endorsing administrative policies at Pontiac Correctional Center which denied Plaintiff the right to attend group worship and denied Plaintiff chaplain visits and religious counseling.

Lastly, the Court **FINDS AS MOOT** Plaintiff's Motion for Trial Setting

(Doc. 203).

**IT IS SO ORDERED.**

Signed this 19th day of September, 2007.

<u>/s/       DavidRHerndon</u>
**United States District Judge**