IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CEDRIC DUPREE,

    Plaintiff,

v.

EARLY LASTER, et al.,

    Defendants.                                    Case No. 02-cv-1059-DRH

## ORDER

**HERNDON, Chief Judge:**

On May 1, 2007, Plaintiff obtained an entry of default against defendant Jethroe for her failure to answer or otherwise respond to Plaintiff's Complaint (Doc. 194). Plaintiff subsequently moved for a default judgment against Jethroe (Doc. 195). In an Order, issued November 6, 2007, the Court found that because Plaintiff was an inmate and thereby subject to the Prison Litigation Reform Act ("PLRA"), a named defendant in Plaintiff's suit would not be statutorily required to reply to the Complaint unless and until ordered to do so by the Court. **42 U.S.C. § 1997e(g)**. Therefore, the Court ordered Jethroe to file her Answer by December 21, 2007 (Doc. 207). Complying with the Court Order, Jethroe filed her Answer on December 19, 2007 (Doc. 213). On January 23, 2008, the Court denied Plaintiff's motion for a

default judgment against Jethroe and also vacated the Clerk's entry of default (Doc. 215).

Before the Court is Plaintiff's Motion for Sanctions against Jethroe (Doc. 216). Plaintiff asserts that the fifteen-month period of time from when Jethroe was initially served to when she finally filed her Answer "caused Plaintiff to expend significant time and energy to effectuate her appearance before this Court" (Doc. 216, ¶ 12). Therefore, Plaintiff believes Jethroe should be sanctioned appropriately for her failure to timely respond, including an order for Jethroe to pay all the costs and attorneys' fees Plaintiff incurred in effectuating service and acquiring a default judgment, as well as punitive damages in the amount of $10,000 (Doc. 216, p. 3). Jethroe has responded in opposition (Doc. 217), arguing that under the PLRA, she was not required to respond to Plaintiff's Complaint until ordered by the Court. Until ordered, she was within her statutory rights to "waive" her reply to the Complaint, thus Plaintiff would not have been entitled to a default judgment unless Jethroe failed to file an Answer once ordered by the Court to do so (*Id.*).

Jethroe is correct. The PLRA clearly states that a defendant named in a suit filed by an inmate does not have to respond to the complaint until ordered by the Court to file an answer. It further states that a plaintiff is not entitled to any relief unless the defendant replies to the complaint. **42 U.S.C. § 1997e(g)**. The fact that Plaintiff chose to expend the time and resources moving for a default judgment in light of the defendant's right to "waive" a response under the PLRA should not be Jethroe's burden to bear. The Court finds the nature of Jethroe's actions do not

warrant the imposition of sanctions and therefore **DENIES** Plaintiff's Motion for Sanctions (Doc. 216).

       **IT IS SO ORDERED**.

Signed this 15th day of February, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**