IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CEDRIC DUPREE,

    Plaintiff,

v.

EARLY LASTER, et al.,

    Defendants.                         Case No. 02-cv-1059-DRH

## ORDER

**HERNDON, Chief Judge:**

During the Final Pretrial Conference, held on November 15, 2007 (*see* Doc. 209), it became apparent that the parties could not agree upon the remaining issues of law in this case. The following are the proposed issues of law raised by the parties, followed by the Court's findings (in italics):

1. **Whether there is an on-going violation of the Plaintiff's rights which would entitle him to injunctive relief.**

    *This was the only issue of law to which the parties agreed.*

2. **Whether Defendants are entitled to qualified immunity.**

    *Relying on **Koger v. Bryan**, No. 05-1904, 2008 WL 1821311 at \*8 (7th Cir. Apr. 24, 2008), the Court finds there is no feasible way that the doctrine of qualified immunity operates to shield Defendants from liability in this case.*

3.  **Whether RLUIPA allows for monetary damages.**

    *The Court finds that because Plaintiff makes no prior showing of physical injury, he is only entitled to nominal damages and injunctive relief, pursuant to* **42 U.S.C. § 1997e(e)**. *The Court bases its finding on* **Koger, 2008 WL 1821311 at \*10 (7th Cir. Apr. 24, 2008) (citing Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007)(holding that the PLRA limits the availability of compensatory and punitive damages under RLUIPA, but leaves open the availability of nominal damages)**.

4.  **Whether individual defendants may be liable under RLUIPA, based on their employer's acceptance of federal funds.**

    *Although the Court, in its previous Order (Doc. 206), relied upon the holding of* **Agrawal v. Briley, No. 02-c-6807, 2006 WL 3523750 (N.D. Ill. Dec. 6, 2006)** *to find that Defendants could be held liable in their individual capacities, the more recent case of* **Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007)** *holds otherwise. Thus, the Court now adopts the rationale of* **Smith** *and finds that Defendants* <u>cannot</u> *be held liable in their individual capacities.*

5.  **Whether the Defendants violated any duty to the Plaintiff created by RLUIPA.**

    *The Court previously found questions of material fact remain to be heard by the trier of fact.* **Koger** *clearly establishes the burdens on each of the parties in this regard.*

6.  **Whether Defendants violated the Plaintiff's First Amendment rights.**

    *The Court previously found questions of material fact remain to be heard by the trier of fact. Precedential case law clearly establishes the burdens on each of the parties in this regard.*

In sum, the only remaining issue of law is whether there is an on-going violation of Plaintiff's rights which would entitle him to injunctive relief.

This Order will also address Plaintiff's request for the Court to make a

ruling to deny defendant Jethroe's affirmative defenses (Doc. 214). These affirmative defenses were included as part of Jethroe's Answer (Doc. 213). She plead three affirmative defenses: (1) she is shielded from liability by the doctrine of qualified immunity; (2) Plaintiff cannot bring a federal civil suit without a prior showing of physical injury, pursuant to **42 U.S.C. § 1997e(e)** ("PLRA"); and (3) Plaintiff's claims against her are barred by the applicable statute of limitations. The Court has already found that qualified immunity does not operate to shield Defendants from liability, and therefore, Jethroe's first affirmative defense is denied. Further, the Court has also found that Plaintiff has not made a prior showing of physical injury and therefore, he may only seek nominal damages and injunctive relief under the PLRA. Thus, her second affirmative defense is denied.

However, the Court finds Jethroe's third affirmative defense has merit. Plaintiff's RLUIPA and § 1983 claims against defendant Jethroe are plead in Count X of his First Amended Complaint (Doc. 85, ¶¶ 1-15; 114-123). The events giving rise to these claims occurred while Plaintiff was incarcerated at SWICC between April 28, 1999 through September 15, 1999. These events predate the September 22, 2000 effective date of RLUIPA, which is not retroactive. As such, there simply is no valid cause of action under this statute. There is a two-year statute of limitations applicable to Plaintiff's § 1983 claims. Plaintiff plead a § 1983 claim against Jethroe in his initial Complaint, filed on October 7, 2002, thereby exceeding the limitations period. Moreover, there are no allegations which would support the administrative tolling exception. Therefore, Plaintiff's § 1983 claims against Jethroe are time-

barred.  Accordingly, the Court finds all of Plaintiff's claims, as stated in Count X of his First Amended Complaint, must be **DISMISSED WITH PREJUDICE**.  No claims remain against Jethroe.[1]

       **IT IS SO ORDERED**.

Signed this 1st day of May, 2008.

                                  /s/      *David R Herndon*
                                **Chief Judge**
                                **United States District Court**

---

[1] The Court addressed statute of limitations issues previously, in its September 27, 2006 Order (Doc. 165).  However, because defendant Jethroe had not yet been served by Plaintiff, and thus had not joined in Defendants' Motions to Dismiss (Docs. 100, 101 & 124), the Court did not find it could dismiss the claims against her at that point.