IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC DUPREE,**

    **Plaintiff,**

**v.**

**EARLY LASTER, et al.,**

    **Defendants.**                                    Case No. 02-cv-1059-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Before the Court are several post-trial Motions, filed by Plaintiff: Motion for New Trial/Motion to Set Aside Jury Verdict and/or Judgment (Doc. 240); three Supplemental Motions for New Trial (Docs. 245, 247 & 249); Motion for Reappointment of Counsel and/or Request for Leave to File Interlocutory Appeal (Doc. 246); and Motion to Expedite Post-Trial Motions of Plaintiff (Doc. 251). Defendants have responded to Plaintiff's original Motion for New Trial and to one of Plaintiff's Supplemental Motions for New Trial (Docs. 243 & 250). The Court will address each one in turn. For the reasons discussed herein, the Court denies all of Plaintiff's post-trial motions.

## II. DISCUSSION

**1. Plaintiff's Motion for New Trial**

Plaintiff filed a § 1983 suit against Defendants. It went to a trial; the jury found in favor of Defendants. Plaintiff filed a timely Motion for New Trial (Doc. 240), asking the Court to set aside the jury verdict for the following reasons: (1) Defendants and their Agency did not allow Plaintiff his legal material; (2) Plaintiff was prejudiced when the jury witnessed his leg shackles on the last day of trial while leaving the courtroom; (3) the trial judge was prejudiced against Plaintiff, as he stated he did not believe Plaintiff to be honest regarding his account that he was attacked by the Defendant Agency during trial, in retaliation for filing this suit; and (4) Plaintiff received ineffective assistance of counsel in that counsel failed to call Plaintiff's witnesses.[1]

"In ruling on a motion for new trial [made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(a)**], federal law requires a district court to determine 'whether the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving.' " ***Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004) (quoting *EEOC v. Century Broadcasting Corp*., 957 F.2d 1446, 1460 (7th Cir. 1992) (internal citation omitted))**. A verdict determined to be "against the weight of the evidence"

---

[1] As Defendants correctly note, Plaintiff has failed to support his Motion with a brief, as required by Local Rule 7.1(c). However, the Court will treat the Motions with leniency, as Plaintiff is now acting *pro se*, thereby not striking the Motion for failure to comply with Rule 7.1(c).

should only warrant a new trial "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." **_Latino v. Kaizer_, 58 F.3d 310, 315 (7th Cir. 1995) (citing _Williamson v. Consolidated Rail Corp._, 926 F.2d 1344, 1353 (3d Cir. 1991))**. Further, because a district court's decision to grant or deny a new trial is accorded great deference, a reviewing court should reverse the decision only subject to a finding of "exceptional circumstances showing a clear abuse of discretion." **_General Foam Fabricators, Inc. v. Tenneco Chems., Inc._, 695 F.2d 281, 288 (7th Cir. 1982) (quoting _Stinebower v. Scala_, 331 F.2d 366, 367 (7th Cir. 1964))**.

<u>Access to Legal Material</u>

Plaintiff claims that "Defendants and their agency"[2] refused to allow him access to his legal materials during trial. Plaintiff does not further specify what legal materials were withheld or how this restricted access affected the outcome of the trial. Both before and during trial, Plaintiff was represented by counsel, who presumably had access to legal materials. Thus, if Plaintiff needed access to his legal materials, he could have asked his counsel. Perhaps, instead, Plaintiff is stating that IDOC personnel prevented him from keeping his legal materials in his cell during trial. Either way, as Defendants correctly note in their Response, this issue was never brought to either Defendants' or the Court's attention during the course of trial,

---

[2] Defendants and the Court interpret "their agency" to mean Illinois Department of Corrections ("IDOC") employees.

thereby never allowing a chance to remedy the alleged problem. Not only is there a lack of evidence to show whether IDOC personnel actually prevented Plaintiff from accessing his legal materials during trial, the Court finds Plaintiff has failed to meet his burden to show why this warrants a new trial under the Rule 59(a) standard.

Viewing of Plaintiff's Leg Shackles

Plaintiff next states that on the third day of trial, the jury was able to see his leg shackles as he was being escorted out of the courtroom, while the jury was headed back to the jury room. Plaintiff claims this prejudiced him. He raised this concern ,via counsel, with the Court when it allegedly occurred. At that time, the Court checked into whether this was true; the Court was satisfied with its conclusion that the jury had not seen Plaintiff's shackles and so there was no risk of Plaintiff being unduly prejudiced by it. (As Defendants explain, the courtroom bailiff informed the Court that no one on the jury actually saw Plaintiff's shackles.) Again, the Court finds Plaintiff has failed to meet his burden to show why this claim warrants a new trial under the Rule 59(a) standard.

Judge's Assessment of Plaintiff's Credibility

On the second day of trial, Plaintiff informed the Court that IDOC officials had recently "attacked" him in retaliation for filing suit. Plaintiff claims that the trial judge stated that he did not believe him and this evidences that the trial judge was prejudiced against him. Plaintiff misstates the events in question. When Plaintiff brought this alleged "attack" to the Court's attention, the trial judge took time to speak with Plaintiff off the record. Moreover, the trial judge allowed a long

recess in order for Plaintiff to be given medical treatment. Although Plaintiff's injury appeared to be that of a self-inflicted nature, the trial judge never stated one way or the other whether he believed Plaintiff's story of the attack. In other words, Plaintiff has not shown any prejudice here. Instead, the trial judge was more than accommodating regarding this issue. Thus, the Court finds Plaintiff has failed to meet his burden to warrant a new trial under the Rule 59(a) standard.

<u>Ineffectiveness of Counsel</u>

Lastly, in his Motion, Plaintiff claims that his counsel was ineffective in failing to call Plaintiff's witnesses and thus, did not diligently prosecute the case. Yet, as Defendants recount, the only witness not called to testify on Plaintiff's witness list (as set forth in the Final Pretrial Order - Doc. 210) was defendant Early Laster. The issue regarding Laster's testimony was thoroughly debated in Court, where it was determined that Laster was not competent to testify due to a serious illness. Further, as Defendants correctly assert, a civil litigant has no claim for ineffective assistance of counsel. ***See Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir. 1984) ("The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases")**. These grounds are therefore moot and will not warrant a new trial.

Plaintiff's Motion for a New Trial (Doc. 240) is denied.

**2.    Plaintiff's Supplemental Motions for New Trial**

Plaintiff has filed three Supplemental Motions for New Trial (Docs. 245, 247 & 249). Under **Rule 59(b)**, "[a] motion for a new trial must be filed no later

than 10 days after the entry of judgment." In this case, Judgment was entered on May 27, 2008 (Doc. 244). Plaintiff filed his Supplemental Motion for a New Trial (Doc. 245) and his Second Supplemental Motion for New Trial (Doc. 247) within that 10 day time frame. However, his third Supplemental Motion for a New Trial (Doc. 249), was not filed until August 1, 2008 and thus is outside of the filing deadline. Moreover, Plaintiff failed to move for leave with this Court to file any supplement to his original Motion for New Trial. Therefore, again, as Plaintiff's filings are *pro se*, they will be treated with more leniency. Thus, the Court will consider the first two supplemental motions under the **Rule 59(a)** standard. However, as Plaintiff's third Supplemental Motion for New Trial (Doc. 249) is untimely and filed without leave, it will not be considered as a supplement to his original Motion for New Trial. Instead, the Court must consider it under the legal standard of **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**.

a. **Plaintiff's First Supplemental Motion for New Trial**

Plaintiff's first Supplemental Motion for New Trial (Doc. 245) offers two proffered grounds to warrant a new trial: (1) Plaintiff's prison disciplinary record and criminal history should not have been allowed to have been heard by the jury; and (2) ineffective assistance of counsel for failing to move for a new trial.

Plaintiff's Criminal History

This issue was previously addressed in Plaintiff's Motion in Limine (Doc. 220), which was argued before the Court prior to the beginning of trial. During this

civil trial, Plaintiff testified as a witness. Plaintiff argued in support of his Motion in Limine (Doc. 220) that under **FEDERAL RULE OF EVIDENCE 609**, evidence of his prior convictions should be barred from introduction at trial, in that such evidence should only be admissible to impeach witness credibility and then only if it has been less than ten years since the date of the conviction. Plaintiff further argued that **Rule 609** was limited by **Rule 403**, prohibiting evidence if its risk of undue prejudice outweighs its probative value. In Response, Defendants argued that the ten-year requirement in **Rule 609(b)** applies to either "the date of conviction or of the release of the witness from the confinement imposed for that conviction, *whichever is the later date . . .*" (Doc. 227, p. 2). Because Plaintiff was currently incarcerated for the "prior convictions" he sought to bar, Defendants asserted that **Rule 609(b)** did not yet apply. The Court agreed, finding **Rule 609** inapplicable. Because Plaintiff's prior convictions were based upon fraudulent acts, they clearly went towards Plaintiff's credibility as a witness and thus, the Court found that the probative value outweighed the risk of undue prejudice and therefore, evidence of Plaintiff's prior convictions should not be barred under **Rule 403**.

Plaintiff's Motion in Limine (Doc. 220) also sought to the bar introduction of evidence of Plaintiff's prior bad acts (his prison disciplinary records), claiming such evidence would be irrelevant and highly prejudicial. In response, Defendants argued that Plaintiff's disciplinary record was entirely relevant to Plaintiff's claims and in fact, was the reason for the length of his restriction from

group religious services. Defendants further argued that they needed to be able to show the reasons Plaintiff was placed into segregation and why segregated inmates are not allowed to participate in group religious services. The Court agreed with Defendants, finding that the probative value of the evidence outweighed the risk of undue prejudice.

Now, Plaintiff merely attempts to rehash the same arguments made in this Motion in Limine – all of which were previously found unavailing by the Court. Plaintiff makes no further attempt to explain why the introduction of this evidence caused "the verdict [to be] against the weight of the evidence," or that "the trial was not fair to the party moving." Simply because the verdict was not in Plaintiff's favor will not suffice to meet Plaintiff's Rule 59(a) burden of proof.

Ineffective Assistance of Counsel

Plaintiff claims ineffective assistance of his court-appointed counsel for failing to move for a new trial. This issue has been previously addressed in this Order, in that Plaintiff, as a civil litigant, has no standing to make such a claim. Therefore, such claim is moot and will not warrant a new trial. Moreover, in counsel's Motion to Withdraw (Doc. 241), Plaintiff's court-appointed trial counsel explains that while they were preparing Plaintiff's post-trial motions, Plaintiff went ahead and filed his *pro se* Motion for New Trial. Because one of the grounds stated in Plaintiff's *pro se* motion was ineffective assistance of counsel, his counsel felt it inappropriate to continue to act on behalf of Plaintiff, as it signified a breakdown of the attorney-client relationship. The Court agreed, granting the motion to withdraw

and permitting Plaintiff to continue to proceed with his post-trial motions, *pro se*. Counsel's Motion to Withdraw therefore disputes Plaintiff's claim that his counsel refused to file a motion for new trial.

Plaintiff's Supplemental Motion for a New Trial (Doc. 245) is denied.

**b.     Plaintiff's Second Supplemental Motion for New Trial**

In Plaintiff's Second Supplemental Motion for New Trial (Doc. 247), he claims that the was prejudiced and this caused him to lose the case because: (1) his counsel failed to serve defendant Biggerstaff; and (2) the Court incorrectly placed the burden of proof for Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims on Plaintiff instead of Defendants and thus, Jury Instruction No. 12 was incorrect and should not have been given to the jury.

<u>Failure to Serve Defendant Biggerstaff</u>

Again, this amounts to an ineffective assistance of counsel claim. Because Plaintiff has no standing to bring this claim or assert these grounds, the Court will not look to the merits of such claim. Further, even should the Court entertain the merits, Plaintiff cannot conclusively state that this "caused him to lose the case," without expounding on this assertion, as it fails to meet the burden of proof to warrant a new trial.

<u>Burden of Proof on RLUIPA Claim and Instruction No. 12</u>

Plaintiff claims the Court incorrectly placed the initial burden of proof on his RLUIPA claims on Plaintiff instead of Defendants and as such, Jury Instruction No. 12 was also incorrect. He asserts that this was more than harmless

error and caused him to lose at trial. Plaintiff's assertions are incorrect. During the jury instruction conference, Plaintiff was given the opportunity to object to certain proposed instructions. His counsel objected in particular to Instruction No. 12, claiming it incorrectly placed the burden of proof on Plaintiff. The Court overruled Plaintiff's objection, stating that it was a correct application of the law. Plaintiff has not made adequate argument in his Motion to convince the Court otherwise or, moreover, to convince the Court that a new trial is warranted, as required by Rule 59(a).

Plaintiff's Second Supplemental Motion for a New Trial (Doc. 247) is denied.

c. **Plaintiff's Third Supplemental Motion for a New Trial**

Plaintiff's Third Supplemental Motion for a New Trial (Doc. 249) was untimely filed under **Rule 59(b)**, without first seeking leave and therefore, the Court will instead construe it as a **Rule 60(b)** motion for relief from judgment. Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." ***Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**.

**Rule 60(b)** provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, *or excusable neglect*; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b) **(emphasis added)**.

In his Third Supplemental Motion (Rule 60(b) Motion) (Doc. 249), Plaintiff claims that the trial judge failed to change venue after the Seventh Circuit remanded the case back to this Court. Plaintiff claims that Supreme Court Rule 36 provided for a change of venue. As Defendants correctly assert in their Response (Doc. 250), Supreme Court Rule 36 deals with custody of prisoners in habeas corpus proceedings. This is not a habeas case – it is a § 1983 suit. The rule cited by Plaintiff does not substantiate his claim. Nothing on the record indicates Plaintiff's request for a change of venue. Even had Plaintiff requested a change of venue, he is not entitled to one under law. This issue was never briefed or argued before the Court. In its discretion, the Court finds no need for there to have been a change of venue upon remand of this case from the Seventh Circuit. Plaintiff fails to elaborate upon the reasons why a failure to change venue negatively impacted his case in a way

that would justify his relief from judgment. Accordingly, his Third Supplemental Motion for a New Trial (Rule 60(b) Motion) (Doc. 249) is denied.

3. **Plaintiff's Motion for Reappointment of Counsel and/or Request for Leave to File Interlocutory Appeal**

Plaintiff also filed a post-trial Motion (Doc. 246) seeking reappointment of counsel (once his trial counsel had been allowed to withdraw from representation, given that Plaintiff had filed motions claiming ineffective assistance of counsel) as well as requesting leave to file an interlocutory appeal. The Court finds Plaintiff's alternative request for interlocutory appeal moot, as final judgment in this case has been entered and upon this Order, Plaintiff can appeal to the Seventh Circuit, without need for interlocutory measures.

Regarding Plaintiff's request for reappointment of counsel, Plaintiff believes because of his diminished mental capacity and the complexities of his RLUIPA claims, he requires the aid of counsel to help him with his post-trial motions. As a civil litigant, Plaintiff has no constitutional right to appointed counsel. When it remanded this case, the Seventh Circuit also found Plaintiff's claims warranted appointment of counsel. Since then, Plaintiff has had numerous appointed counsel, each of whom he eventually finds fault with and the attorney-client relationship cannot be maintained. Plaintiff has managed to file these post-trial motions, *pro se*. At this time, the Court sees no compelling reason to justify the need to reappoint counsel for Plaintiff to aid in post-trial proceedings. His Motion for Reappointment of Cousnel (Doc. 246) is denied.

### 4. Plaintiff's Motion to Expedite Post-Trial Motions

Plaintiff's final post-trial Motion is one seeking to expedite the Court's ruling on his other post-trial motions (Doc. 251). As the Court has now ruled upon all of Plaintiff's post-trial motions, it hereby finds the instant motion to be moot.

### III. CONCLUSION

As discussed in this Order, the Court hereby rules as follows on Plaintiff's post-trial Motions: Plaintiff's Motion for New Trial (Doc. 240) is **DENIED**; Plaintiff's Supplemental Motion for New Trial (Doc. 245) is **DENIED**; Plaintiff's Second Supplemental Motion for New Trial (Doc. 247) is **DENIED**; Plaintiff's Third Supplemental Motion for New Trial (Doc. 249) is **DENIED**; Plaintiff's Motion for Reappointment of Counsel and/or Request for Leave to File Interlocutory Appeal (Doc. 246) is **DENIED**; and Plaintiff's Motion to Expedite Post-Trial Motions (Doc. 251) is **FOUND MOOT**.

**IT IS SO ORDERED**.

Signed this 23rd day of December, 2008.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**